IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ANTONIO MAURICE GIBSON,** | : | |
| Plaintiff, | : : | |
| | : | NO. 5:10-CV-25 (WLS) |
| VS. | : : | |
| **JERRY MODENA**, *et al.*, | : : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Plaintiff Antonio Maurice Gibson, an inmate at the Bibb County Jail in Macon, Georgia at the time of the events giving rise to his Complaint, commenced the above-captioned case pursuant to 42 U.S.C. §1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. This matter comes before the Court on Defendants' Motion to Dismiss alleging that Plaintiff failed to exhaust administrative remedies prior to filing the instant action. For the reasons set forth more fully below, and because it appears that Plaintiff was never informed of the procedures for filing grievances or of his obligation to appeal, it is hereby **RECOMMENDED** that the Defendants' Motion to Dismiss be **DENIED**.

## DISCUSSION

Section 1997e(a) of the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir.1998). Indeed, under

the PLRA, the Court may not inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander. 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "there is the possibility of at least some kind of relief." Johnson v. Meadows, 418 F.3d 1152, 1155, 1156 (11th Cir.2005), cert. denied, 548 U.S. 925, 126 S.Ct. 2978, 165 L.Ed.2d 988 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir.2006) ( per curiam ) (quoting Johnson, 418 F.3d at 1155). Similarly, in order to exhaust all available administrative remedies, an inmate must pursue an administrative appeal if his grievance is denied. Moore v. Smith, 18 F.Supp.2d 1360, 1362 (N.D.Ga.1998). Finally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir.2000) ( per curiam ); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999).

According to the Defendants, for Plaintiff to exhaust his administrative remedies, he had to comply with the Bibb County Correctional Facility grievance policy that, in its entirety, provides as follows:

2. GRIEVANCES

    a. FILING A GRIEVANCE

An inmate is allowed to file a grievance when he/she believes that he/she has been subject to abuse, harassment, abridgment of civil rights, or denied privileges specified in the posted rules. But, note the following exceptions:

1. An inmate may not file a grievance against matters that the Bibb County Jail has no control over. For example, parole or probation decisions, sentences, lost mail by the postal services, etc.

2. An inmate may not file a grievance against disciplinary penalties.

3. An inmate may not file a grievance against routine transfers from one cell area to another that may be made for ease of operations or for the safety of inmates or jail officials.

    b. APPEAL

If an inmate appeals the decision of the investigation, he/she may note his/her reasons on the formal response which he/she will receive. The inmate should give the appeal to the Grievance Coordinator who will then present the appeal to the Corrections Major. A reply will be made within ten (10) days.

Here, it is undisputed that Plaintiff filed several grievances. Accordingly, the remaining question is whether any of these grievances were exhausted. As a part of this analysis, and in order to determine if any additional administrative remedies beyond the initial filing of a grievance were actually available to Plaintiff, the Court must determine whether Plaintiff should have or could have known of his obligation to appeal and of the procedures for appeal. See Goebert v. Lee County, 510 F.3d 1312 (11th Cir. 2007).

In this regard, Plaintiff states that after he was booked at the Jail, he did not receive any rule book or any oral instructions on how to file or appeal a grievance. Plaintiff further claims that there were no instructions posted advising inmates on how to file or appeal a grievance. Defendants do not dispute Plaintiff's assertions involving their failure to provide him with a rulebook or other explanation of the grievance procedures. Instead, Defendants have proffered several arguments in an effort to show that Plaintiff nevertheless knew or could have learned of the his obligation to appeal. Defendants argue that Plaintiff, given his long history of incarcerations in the facility, was already familiar with the grievance procedures and that, even if he was not, he could have reviewed another inmate's copy of the rule book or asked a member of staff to explain the procedure.

Given the speculative and conclusory nature of the Defendants' arguments, coupled with the lack of evidence demonstrating that Plaintiff was actually provided with information concerning the specifics of Defendants' administrative remedy procedure, it does not appear that administrative remedy of appeal was available to Plaintiff. Thus, and in view of the fact that by filing grievances the Plaintiff exhausted those administrative remedies that were available to him, the Defendants' assertion to the contrary is without merit.

Accordingly, **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss be **DENIED** and that this action be allowed to proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of March, 2011.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge